MATTHEW
AO 106 (Rev. 04/10) Application for a Search Warrant          AUTHORIZED AND APPROVED/DATE: DILLON

Digitally signed by
MATTHEW DILLON
Date: 2024.02.21 17:23:43
-06'00'

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

In the Matter of the Search of          )
IN THE MATTER OF THE SEARCH          )
OF A CELLULAR TELEPHONE DESCRIBED AS A DARK          )    Case No. M-24- 170 - SM
GRAY IPHONE SE IMEI 356477107128258 LOCATED AT FBI,          )
3301 W. MEMORIAL ROAD, OKLAHOMA CITY, OK 73134          )
          )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A"

located in the ___WESTERN___ District of ___OKLAHOMA___ , there is now concealed *(identify the or describe the property to be seized)*:

See Attachment "B"   which is incorporated by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 875(c) | Making threats via interstate commerce |

The application is based on these facts:

See attached Affidavit of FBI Task Force Officer Miles D. Keene, which is incorporated by reference herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Miles D. Keene, Task Force Officer, FBI

*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2-22-2024

City and state: Oklahoma City,  Oklahoma

*Judge's signature*

SUZANNE MITCHELL, U.S. MAGISTRATE JUDGE

*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF THE SEARCH** | ) | CASE NO. **M-24-170-SM** |
| **OF A CELLULAR TELEPHONE** | ) | |
| **DESCRIBED AS A DARK GRAY** | ) | |
| **IPHONE SE IMEI 356477107128258** | ) | **FILED UNDER SEAL** |
| **LOCATED AT FBI,** | ) | |
| **3301 W MEMORIAL ROAD,** | ) | |
| **OKLAHOMA CITY, OK 73134** | ) | |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION
## UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Miles D. Keene, being first duly sworn, Task Force Officer with the Federal

Bureau of Investigation, being duly sworn, hereby depose and state as follows:

1.     I am a Task Force Officer with the Federal Bureau of Investigation (FBI)

Joint Terrorism Task Force (JTTF).  I am a commissioned police officer in and for the

State of Oklahoma.  I possess an Advanced Peace Officer Certification.  I am employed

as a Special Agent with the Oklahoma State Bureau of Investigation.  I have been in law

enforcement for approximately 12 years.  I have been a Task Force Officer with the FBI

JTTF since approximately October of 2021.  I have participated in investigations

involving individuals suspected of terrorist activities, assisted in the execution of search

and arrest warrants, conducted surveillance, analyzed records, and have spoken to

informants and subjects of investigations involving numerous types of federal violations

including terrorism related offenses. As a Task Force Officer, I am authorized to

investigate violations of United States laws and to execute warrants issued under the

authority of the United States.

2.      I have personally participated in the investigation set forth below. The facts in this Affidavit come from my personal observations, my review of documents related to this investigation, oral and written communications with others who have personal knowledge of the events and circumstances described herein, a review of public source information including information available on the Internet, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show there is sufficient probable cause for the requested warrant, but it does not set forth all my knowledge of the matter.

3.      I make this affidavit in support of an application for a search warrant for the following electronic device:

- **"TARGET DEVICE"**

    Dark Gray iPhone SE
    IMEI: 356477107128258

The **TARGET DEVICE** is believed to be used by JEFFREY WINDBIGLER ("**WINDBIGLER**"). **WINDBIGLER** resides in the Western District of Oklahoma at 11250 N Taurus Drive, Guthrie, Oklahoma 73044 (the "residence"). The **TARGET DEVICE** was obtained from **WINDBIGLER** on February 6, 2024. The **TARGET DEVICE** is currently located at the FBI's Oklahoma City Field Office, 3301 W Memorial Road, Oklahoma City, OK 73134, which is in the Western District of Oklahoma. The **TARGET DEVICE** is further described in **Attachment A**. This application seeks to seize evidence for items described in **Attachment B** that constitute evidence and instrumentalities of violations of federal criminal law, namely 18 U.S.C. §

2

875(c) (making threats via interstate commerce), more particularly described in **Attachment B**.

4.    Title 18 U.S.C. § 875(c) (the "criminal offense") makes it unlawful to transmit in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another.

5.    Based on my training and experience and the facts as set forth in this affidavit, I submit there is probable cause to believe that evidence of the criminal offense exists on the **TARGET DEVICE**. Specifically, I believe that there is probable cause to believe that **WINDBIGLER** has used the **TARGET DEVICE** to facilitate the criminal offense and that there is probable cause to search the **TARGET DEVICE** for evidence of the criminal offense, as described in **Attachment B**.

6.    Based on my training and experience, I am aware that individuals involved in crimes such as making threats via interstate commerce utilize electronic devices, such as cellular telephones, in order to communicate with coconspirators or with collaborators. Other evidence that can be obtained from electronic devices, such as cellular telephones, includes photographs, videos, and communications containing the names of possible collaborators. I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

7.      The facts comprising the basis for this affidavit are personally known by me or have been relayed to me directly and indirectly by others familiar with this investigation, including FBI personnel and other law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause for a search warrant, I have not included every fact known to me concerning this investigation. I have set forth only facts that I believe as necessary to establish probable cause to believe that violations of the criminal statute identified in paragraph three and below have occurred.

8.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction," as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A). Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

9.      The **TARGET DEVICE** is currently in the lawful possession of FBI Oklahoma City based both on the consent of **WINDBIGLER** to search the device and because FBI had probable cause to seize the device and seek a warrant based on the evidence in its possession at the time and the statements of **WINDBIGLER** prior to seizing the **TARGET DEVICE**. [1] The **TARGET DEVICE** is currently stored at the

_____

[1] The United States believes that the consent to search given by **WINDBIGLER** is valid. This warrant is being requested in an abundance of caution.  FBI has viewed data from the **TARGET DEVICE**, but none of that information is contained in this affidavit in support of probable cause.

4

FBI's Oklahoma City Field Office, which is in the Western District of Oklahoma. In my

training and experience, I know that the **TARGET DEVICE** has been stored in a manner

in which its contents are, to the extent material to this investigation, in substantially the

same state as it was when the **TARGET DEVICE** first came into the possession of FBI

Oklahoma City. The **TARGET DEVICE** came into the possession of FBI Oklahoma

City in the following way.

      10.     On or about February 2, 2024, the CyberCrime Investigation Group at

Google LLC submitted information to the FBI's National Threat Operations Center

(NTOC). Google LLC believed that an emergency involving imminent death or serious

bodily injury to a person or persons existed and that an immediate disclosure of the

information obtained by Google LLC to the FBI was necessary. The emergency

disclosure involved comments that were posted to Google LLC's video service YouTube.

      11.     Google LLC provided information that user jwindbigler42@gmail.com

posted comments on YouTube that warranted emergency disclosure to the FBI. Google

LLC provided subscriber information for jwindbigler42@gmail.com:

        a) Display Name: Jeff Windbigler
        b) Email: jwindbigler42@gmail.com
        c) Created On: 12/17/2012
        d) Terms of Service IP: 98.197.131.8
        e) DOB: 12/07/1992
        f) Recovery Email: jaw0000@hotmail.com
        g) User Phone Number: +14059169000

12.    According to Google LLC, jwindbigler42@gmail.com posted the following comments to YouTube:[2]

a)  On 01/24/2024 at 2:31 UTC jwindbigler42@gmail.com commented "I'm going to kill my family." The comment was posted to a video posted by YouTube user O'Shea Jackson titled, "13. Ice Cube – I Wanna Kill Sam." A screenshot of the video is depicted below:



_____

[2] Google LLC provided links to videos along with the corresponding comments.  FBI visited the links provided by Google LLC and has attached screenshots of the videos to assist in providing context to the comments made by jwindbigler42@gmail.com.

6

b) On 01/25/2024 at 4:21 UTC jwindbigler42@gmail.com commented "I'm going to kill the children of the lying trash whores in the usa." The comment was posted to a video posted by YouTube user New York Post titled, "Disturbing new footage shows Salvador Ramos in Uvalde school, cops running | New York Post." A screenshot of the video is depicted below:



c) On 01/25/2024 at 4:23 UTC jwindbigler42@gmail.com commented "I will shoot up the library in Edmond Oklahoma." The comment was posted to a video posted by YouTube user New York Post titled, "Disturbing new footage shows Salvador Ramos in Uvalde school, cops running | New York Post." A screenshot of the video is depicted below:



d) On 01/25/2024 at 5:04 UTC jwindbigler42@gmail.com commented "I'm going to shoot up a school in Texas." The comment was posted to a video posted by YouTube user Uncle Tony's Garage titled, "Mopar 4 Door To 2 Door Conversions." A screenshot of the video is depicted below:



e) On 01/28/2024 at 1:59 UTC jwindbigler42@gmail.com commented "I'm

going to shoot up a school in Oklahoma." The comment was posted to a

video posted by YouTube user New York Post titled, "Disturbing new

footage shows Salvador Ramos in Uvalde school, cops running | New York

Post." A screenshot of the video is depicted below:



f) On 01/30/2024 at 18:10 UTC jwindbigler42@gmail.com commented
"Gonna be shooting up a school real soon." The comment was posted to a
video posted by YouTube user Serious Pimp Records titled, "DPGC feat.
Snoop Dogg, Nate Dogg, Daz, Kurupt – 'Real Soon.'" A screenshot of the
video is depicted below:



g) On 01/30/2024 at 22:53 UTC jwindbigler42@gmail.com commented "I'm going to kill people." The comment was posted to a video posted by YouTube user Professor Messer titled, "Installing a SOHO Network – Comp TIA A+ 200-1001 – 2.3." A screenshot of the video is depicted below:



h) On 01/30/2024 at 23:44 UTC jwindbigler42@gmail.com commented "I'm going to kill people in Texas." The comment was posted to a video posted by YouTube user Clorox titled, "How to Bleach White Clothes with Clorox." A screenshot of the video is depicted below:



i)  On 01/30/2024 at 23:47 UTC jwindbigler42@gmail.com commented "Real

soon trash nigger spic. Gonna kill your whole family." The comment was

posted to a video posted by YouTube user $uicideboy$ titled,

"$UICIDEBOY$ - KILL YOURSELF (PART II)." A screenshot of the

video is depicted below:



j)  On 01/30/2024 at 23:49 UTC jwindbigler42@gmail.com commented "I'm going to kill worthless niggers in Texas." The comment was posted to a video posted by YouTube user $uicideboy$ titled, "$UICIDEBOY$ - KILL YOURSELF (PART II)." A screenshot of the video is depicted below:



13.     Records from Google Payment Corp. indicated the following address information was listed in Google Wallet for user jwindbigler42@gmail.com:

a)  Jeffrey A Windbigler, Cypress, TX 77429, US, +12537094800

b)  Jeffrey A Windbigler, Guthrie, OK 73044, US

14.     During the course of the investigation, WINDBIGLER'S residence was confirmed to be 11250 N Taurus Drive, Guthrie, Oklahoma 73044 ("residence"). Database results revealed that an individual named Jeffrey Windbigler, whose date of birth is December 7, 1992, resided at the residence.

15

15.    On February 6, 2024, FBI agents from the Oklahoma City Field Office and deputies from the Logan County Sheriff's Office conducted a non-custodial interview of **WINDBIGLER** at his residence. **WINDBIGLER** confirmed that his telephone number is 405-916-9000 and that two of the email addresses that he uses are jwindbigler42@gmail.com and jaw0000@hotmail.com. **WINDBIGLER** admitted to making the posts referenced in paragraph 15(b), (c), (d), (e), (i), and (j). **WINDBIGLER** neither admitted nor denied the other comments. **WINDBIGLER** admitted to accessing YouTube using his cellular telephone (**TARGET DEVICE**). **WINDBIGLER** stated that he had no intent to harm anyone, nor did he intend his comments as threats. **WINDBIGLER** stated that his comments are "song lyrics" that he comes up with when listening to a tune. **WINDBIGLER** continued to say that these comments were not real, "it's just on the internet," and that the comments are "meaningless." FBI agents asked **WINDBIGLER** how shooting up a school in Texas related to fixing a car (paragraph 13(d)) and **WINDBIGLER** began discussing how he believed cartels are making armored vehicles in Mexico. **WINDBIGLER** then asked the FBI agents if they "caught the Uvalde shooter." **WINDBIGLER** again emphasized that he believed this was protected speech because it was not real, but the Uvalde shooting was real. **WINDBIGLER** said that he could not believe that he, "as a white man, is having to deal with this right now." **WINDBIGLER** said that he understood how someone could take his statements as a threat, but the comments were not there anymore because he deleted

16

them. **WINDBIGLER** said again that he had no intent and offered that agents could "look through all of his digital devices."

## TECHNICAL TERMS

16.    Based on my training and experience, I use the following technical terms to convey the following meanings:

a)  Cellular telephone: A cellular telephone (or mobile telephone, or wireless telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other cellular telephones or traditional "land line" telephones. A cellular telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, cellular telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Cellular telephones may also include global positioning system ("GPS") technology for determining the location of the device.

17

b) IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

c) Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17.    Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

18.    *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the devices were used, the purpose of their use, who used them, and when.  There is probable cause to believe that this forensic electronic evidence might be on the devices because:

    a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b.  Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d.  The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely

19

reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

19. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

20. *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

21.    I submit that this affidavit supports probable cause for a search warrant

authorizing the examination of the devices described in Attachment A to seek the items

described in Attachment B.

**FURTHER YOUR AFFIANT SAYETH NOT**

MILES D. KEENE
Task Force Officer
Federal Bureau of Investigation

Sworn to before me and signed in my presence.

Feb. 22, 2024

SUZANNE MITCHELL
United States Magistrate Judge

21

## ATTACHMENT A

The properties to be searched are a dark gray iPhone model: SE, IMEI number 356477107128258, hereinafter **"TARGET DEVICE"**. The device is currently located at the FBI Oklahoma City Field Office, 3301 W Memorial Road, Oklahoma City, OK 73134.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.      All records on the device described in Attachment A that relate to violations of 18 U.S.C. § 875(c) (making threats via interstate commerce), and involve **JEFFREY WINDBIGLER**, including:

  a. Communications containing a threat to injure another;

  b. Evidence of motive, intent, state of mind, absence of mistake, and lack of accident; and

  c. Evidence of planning, willingness, or intent to commit an act of violence or threaten to commit an act of violence.

2.      Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.      Records evidencing the use of the electronic device to communicate with Google LLC and YouTube, including:

  a. records of Internet Protocol addresses used;

  b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created

or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

2